# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF GEORGIA
# ATLANTA DIVISION

| | | |
|---|---|---|
| WARREN FAMBRO, | : | PRISONER CIVIL RIGHTS |
| # 1231101, | : | 42 U.S.C. § 1983 |
|     Plaintiff, | : | |
| | : | |
| v. | : | CIVIL ACTION NO. |
| | : | 1:14-CV-1930-WSD-GGB |
| THEODORE JACKSON, Sheriff, | : | |
|     Defendant. | : | |

## FINAL REPORT AND RECOMMENDATION

State inmate Warren Fambro is serving a life sentence for rape and child molestation. *See* http://www.dcor.state.ga.us/GDC/OffenderQuery/jsp/OffQryForm.jsp (last viewed October 15, 2014; searched for "Fambro, Warren"); *see also Demis v. Sniezek*, 558 F.3d 508, 513 (6th Cir. 2009) (taking judicial notice of information available about an inmate on a government website). In recent months, Mr. Fambro has been transferred back and forth between the state prison system and the Fulton County Jail, apparently for post-conviction proceedings. *See* (Doc. 6 at 3). While in the Fulton County Jail, Mr. Fambro filed a Complaint, which he has now amended, complaining about the van the Fulton County Jail uses to transport him to court. After review under 28 U.S.C. § 1915A of Mr. Fambro's Amended Civil Rights Complaint Pursuant to 42 U.S.C. § 1983, *see* (Doc. 6), I will recommend that this case be dismissed.

In March 2014, Mr. Fambro filed his initial Complaint in state court, naming Fulton County Sheriff Theodore Jackson as the Defendant. *See* (Doc. 1-1). Sheriff Jackson removed the case to this Court, *see* (Doc. 1), and moved under Federal Rule of Civil Procedure 12(b)(6) to dismiss Mr. Fambro's Complaint for failure to state a claim, *see* (Doc. 2).

I reviewed Mr. Fambro's Complaint under § 1915A and concluded that it failed to state any federal claims upon which relief might be granted. *See* (Doc. 5). Because Mr. Fambro is proceeding *pro se*, I afforded him an opportunity to correct the deficiencies in his Complaint by filing a more-carefully-drafted Amended Complaint. *See* (*id.*). Mr. Fambro then submitted the Amended Complaint that is now before me for screening under § 1915A. *See* (Doc. 6).

Mr. Fambro's entire Statement of Claim reads:

> 1.) A complete metal encasing that set inside the van. 2.) Limited space for each side this mental encasing is consist of 5 men on each side is 4 ft. high, 6 ft. wide and 8 ft. long. Also, another department behind the driver of the van house 2 separated men, their exit is on the side of the van. 3.) No safety precaution nor emergency exit which consist of 4 doors with safety lock casing. Whereas one door on each side mental encasing inside the van with lock and 2 doors on the van outside with locks makes it highly impossible to get clear if an emergency occur. 5.) Officer's inability to view all passengers inside the van. 6.) Primary exit only one in and one way out not like regular transfer van with windows and emergency door. 7.) That alone is a violation and shows evidence of negligence of care.
2

> Also, detainees plead to the Court to authorize Fulton County Sheriff to exhibit pictures of this unlawful van (inside and outside) where the Court will weigh these factors, against the serious nature and potential consequences of the transfer van duty to perform the transfer (or) that seriously effect the livelihood that are risk due to the unconstitutional condition the transfer van is designed which can and should be changed for the purpose of the transportation and not unconstitutional harmful to the cargo/the detainees it carries. Anguish will be upon every person that enter into this cage. Destruction and misery lies there when the doors are doors are closed and locked. The shed of death is all can be thought of if an accident occur. This is unlawful operated knowing other detainees who has filed grievance and can witness to this life-threatening situation William Saunder, James McDowell, Ricky Brown, and Stanley Porter. Emphasized is convicted and understand the safeguard of security within the limit of a safe and secure vehicle. The issue here is being punished while traveling inside this awful transfer van is outrageous, unlawful and violation of U.S. Const. 8th Amendment to be cruel and unusual condition due to the Fulton Co. Jail experiment with its dog kennel designed cage inside of the van being used as a transportation van. This type of behavior is destroyed when it hits an improper mark of humanity to redesign a cage intended for animals for peoples. I know no other means to explain or express such gross behavior suitable for a tort than complaining without legal training which I am without or to touch without cite or statutes to research.

(Doc. 6 at 3-4). In his request for relief, Mr. Fambro further describes the Fulton County vehicle as a "'death trap' of a transfer van" that is "inhuman" and "oppressi[ve]," and he requests that this Court award damages and temporarily restrain Fulton County's use of the van until it is "re-designed." *See* (*id.* at 4-5).

3

Although I construe Mr. Fambro's Amended Complaint liberally because he is proceeding *pro se*, *see Brown v. Johnson*, 387 F.3d 1344, 1350 (11th Cir. 2004), to survive review the Amended Complaint "must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face,'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). "Determining whether a complaint states a plausible claim for relief [is] . . . a context-specific task that requires the reviewing court to draw on its judicial experience and common sense." Id. at 679.

Two procedural principles govern screening under § 1915A, as well as review of motions to dismiss under Rule 12(b). First, "the tenet that a court must accept as true all of the allegations contained in a complaint is inapplicable to legal conclusions." *Iqbal*, 556 U.S. at 668. Second, "only a complaint that states a plausible claim to relief survives a motion to dismiss." *Id.* While the "plausibility standard is not akin to a 'probability requirement,' . . . it asks for more than a sheer possibility that a defendant has acted unlawfully. *Id.* Thus, "[w]here a complaint pleads facts that are merely consistent with a defendant's liability, it stops short of the line between possibility and plausibility of 'entitlement to relief.'" *Id.* (internal quotation marks omitted).

4

"Section 1983 provides a cause of action against state actors who violate an individual's rights under federal law." *Filarsky v. Delia*, 132 S. Ct. 1657, 1660 (2012). "[I]n any action under § 1983, the first step is to identify the exact contours of the underlying right said to have been violated" and "to determine first whether the plaintiff has alleged a deprivation of a constitutional right at all." *County of Sacramento v. Lewis*, 523 U.S. 833, 841 n.5 (1998).

The Eighth Amendment prohibits the infliction of cruel and unusual punishment. *See* U.S. Const. amend. VIII. In particular, the Eighth Amendment prohibits the "wanton and unnecessary infliction of pain." *Hudson v. McMillian*, 503 U.S. 1, 5 (1992). All Eighth Amendment claims "require[] a two-prong showing: an objective showing of a deprivation or injury that is 'sufficiently serious' to constitute a denial of the 'minimal civilized measure of life's necessities' and a subjective showing that the official had a 'sufficiently culpable state of mind.'" *Thomas v. Bryant*, 614 F.3d 1288, 1304 (11th Cir. 2010) (quoting *Farmer v. Brennan*, 511 U.S. 825, 834 (1994) (internal citations and quotations omitted)).

"What is necessary to show sufficient harm and what is necessary to show a sufficiently culpable state of mind varies with the type of Eighth Amendment claim at issue." *Id.* (citing *Hudson*, 501 U.S. at 8-9). Classification matters, and I

5

conclude this is a "conditions of confinement" case. "[T]o make out a claim for an unconstitutional condition of confinement, 'extreme deprivations' are required." *Id.*

There is not a great deal of case law specifically addressing prisoner complaints about the vehicles used to transport them. However, the circuit court decisions I have found uniformly hold that prisoner complaints related to "design" issues, without more, are inadequate to state an Eighth Amendment claim. For example, the Eleventh Circuit – in which this Court sits – recently stated that it found persuasive the Eighth Circuit's conclusion in *Spencer v. Knapheide Truck Equip. Co.*, 183 F.3d 902, 904-06 (8th Cir. 1999), that neither the objective nor subjective components of an Eighth Amendment claim was satisfied where a prisoner alleged that he was forced "to ride on a steel bench in a van without a seat belt or other safety restraint, eventually allowing him to be thrown forward and ultimately paralyzed." *Smith v. Sec'y for the Dep't of Corr.*, 252 F. App'x 301, 303-04 (11th Cir. 2007). The Eleventh Circuit thus concluded that a district court properly dismissed for failure to state an Eighth Amendment claim a prisoner's complaint that he was transported in a "converted utility van fitted with sheet metal benches, 'after-market' seat belts, and no windows," where he was "thrown around within the van, and his hip was aggravated." *Id.* at 302.

6

AO 72A
(Rev.8/82)

The Second Circuit recently joined the Eighth and Eleventh Circuits in holding that a district court may properly dismiss a prisoner's "design" complaint that a prison van lacked seatbelts for failure to state a claim upon which relief may be granted. *Jabbar v. Fischer*, 683 F.3d 54 (2d Cir. 2012). As the Second Circuit pointed out, an "intent to punish or other improper motivation" is a necessary element of an Eighth Amendment claim, and when such an allegation is missing – as it is from Mr. Fambro's Amended Complaint – "the complaint fail[s] to allege sufficient facts to state a plausible claim." *Jabbar*, 684 F.3d at 59 (citing *Iqbal*, 556 U.S. at 678). The Fifth Circuit has similarly required prisoners to make allegations going beyond "design" issues before finding that their complaints have stated "plausible" Eighth Amendment claims. *See, e.g., Rogers v. Boatright*, 709 F.3d 403, 409 (5th Cir. 2013) (allowing case to proceed in light of "additional allegation of reckless driving").

Because Mr. Fambro's Amended Complaint includes no allegations that go beyond "design" issues and he does not make the objective and subjective showings that are required, I conclude that he has not stated a plausible Eighth Amendment claim upon which relief might be granted.

Furthermore, I note that Mr. Fambro, unlike the plaintiffs in *Spencer*, *Smith*, and *Jabbar*, does not allege that he has suffered any physical injury. Rather, Mr.

7

Fambro appears to be asserting only that he suffered emotional distress while riding in the Fulton County Jail van. Federal law provides that "[n]o Federal civil action may be brought by a prisoner confined in a jail, prison, or other correctional facility, for mental or emotional injury suffered while in custody without a prior showing of physical injury . . . ." 42 U.S.C. § 1997e(e). Mr. Fambro is thus not entitled to recover compensatory damages for his alleged emotional distress in this case.

More generally, it appears that Mr. Fambro lacks standing to bring this suit at all. Based on the allegations in the Amended Complaint, there does not appear to be any "injury in fact – an invasion of a legally protected interest that is (a) concrete and particularized, and (b) actual or imminent, not conjectural or hypothetical." *Lujan v. Defenders of Wildlife*, 504 U.S. 555, 560 (1992) (internal quotations marks and citations omitted). While, "[a]t the pleading stage, general factual allegations of injury resulting from the defendant's conduct may suffice," *id.* at 561, Mr. Fambro's Amended Complaint is focused on injuries he fears he may suffer "if an emergency occur[s]" while he is riding in a van he considers to be a "death trap." (Doc. 6 at 4-5). This sort of injury, however, is entirely conjectural or hypothetical, not actual or imminent.

8

Because Mr. Fambro's demand for damages and other relief satisfies neither the requirements of § 1997e(e) for recovering damages for emotional injury, nor for demonstrating his standing to sue more generally, I further conclude that his Amended Complaint is subject to dismissal on these ground as well.

Finally, Mr. Fambro asserts that the Fulton County Sheriff has demonstrated "negligence." (Doc. 6 at 4). Even assuming that Mr. Fambro has stated a claim for negligence under state law, he has no negligence claim under federal law, and this Court ought not exercise its supplemental jurisdiction over a pendent state law claim in the absence of any federal claim upon which relief may be granted.

Accordingly, I **RECOMMEND** that Mr. Fambro's Amended Complaint be **DISMISSED IN ITS ENTIRETY**, with the Eighth Amendment claim being dismissed **WITH PREJUDICE** and the state law negligence claim being dismissed **WITHOUT PREJUDICE**.

I further **RECOMMEND** that Sheriff Jackson's motion to dismiss (Doc. 2) be **DENIED AS MOOT**.

I **DIRECT** the Clerk to terminate the referral of this case to me.

**IT IS SO ORDERED, DIRECTED AND RECOMMENDED**, this 16th day of October, 2014.

*Gerrilyn G. Brill*

AO 72A
(Rev.8/82)

_____
GERRILYN G. BRILL
UNITED STATES MAGISTRATE JUDGE

AO 72A
(Rev.8/82)