IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

WARREN FAMBRO,

              Plaintiff,

v.                                  1:14-cv-01930-WSD

SHERIFF THEODORE JACKSON,

              Defendant.

## OPINION AND ORDER

This matter is before the Court on Magistrate Judge Gerrilyn G. Brill's Final Report and Recommendation ("R&R"), recommending that Plaintiff Warren Fambro's ("Plaintiff") Amended Complaint be dismissed [7].

**I.**    **BACKGROUND**

On July 19, 2013, Plaintiff, an inmate at the Baldwin State Prison ("Baldwin") in Milledgeville, Georgia, filed a Complaint against Defendant Sheriff Theodore Jackson in the Superior Court of Fulton County, Georgia. Plaintiff alleges that the transportation van used to transport him from Baldwin to the Fulton County Jail is an unsafe vehicle that poses a risk of harm to his person. Plaintiff characterizes the transportation van as a "death trap" without an emergency exit, and an "unconstitutional condition" that violates the Eighth Amendment to the

United States Constitution.  On June 19, 2014, Defendant removed the action to this Court.  On June 26, 2014, Defendant moved to dismiss the Complaint for failure to state a claim upon which relief can be granted.

On October 17, 2014, the Magistrate Judge recommended that Plaintiff's Eighth Amendment Complaint be dismissed with prejudice because (a) neither the objective nor the subjective components of the Eighth Amendment are satisfied when an inmate alleges that he was transported in a defective vehicle and (b) Plaintiff cannot recover for emotional distress under federal law.  The Magistrate Judge also recommended that, to the extent Plaintiff asserted a state law claim for negligence, the state law claim should be dismissed without prejudice because there is no federal claim pending before the Court.  Plaintiff did not object to the Magistrate Judge's R&R.

## II.     DISCUSSION

### A.     Standard of Review

After conducting a careful and complete review of the findings and recommendations, a district judge may accept, reject, or modify a magistrate judge's report and recommendation.  28 U.S.C. § 636(b)(1); <u>Williams v. Wainwright</u>, 681 F.2d 732, 732 (11th Cir. 1982), cert denied, 459 U.S. 1112 (1983).  A district judge "shall make a *de novo* determination of those portions of

the report or specified proposed findings or recommendations to which objection is made." 28 U.S.C. § 636(b)(1).  With respect to those findings and recommendations to which a party has not asserted objections, the district judge must conduct a plain error review of the record.  <u>United States v. Slay</u>, 714 F.2d 1093, 1095 (11th Cir. 1983).

    B.    <u>Analysis</u>

An inmate's conditions of confinement are subject to the Eighth Amendment's prohibition on cruel and unusual punishments.  <u>See</u> <u>Smith v. Sec'y for the Dep't of Corr.</u>, 252 F. App'x 301, 303 (11th Cir. 2007).  To state a claim under the Eighth Amendment, an inmate must show that (a) the condition is "extreme" and "poses an unreasonable risk of serious damage to his future health or safety" or "deprives him of the minimal civilized measure of life's necessities," and (b) the prison officials recklessly disregarded serious risks to the inmate's safety and they were deliberately indifferent to the inmate's needs.  <u>Id.</u>  Plaintiff's Complaint fails to meet both prongs of an Eighth Amendment claim.  Plaintiff does not allege that Defendant recklessly disregarded a serious risk of harm and was deliberately indifferent towards Plaintiff's legitimate needs.  The crux of Plaintiff's Complaint is based on the absence of an emergency exit in the transportation van.  Plaintiff has failed to show that the transportation van poses an

unreasonable risk of harm or "deprives him of the minimal civilized measure of life's necessities." Id.  Allegations of a defective product or merely negligent conduct, like the claims alleged here, are insufficient to state an Eighth Amendment claim.  Id. at 304.  The Court finds no plain error in the Magistrate Judge's finding that Plaintiff has failed to state a claim under the Eighth Amendment.  The Court also finds no plain error in the Magistrate Judge's conclusion that Plaintiff, who does not allege any physical injury, cannot recover for emotional distress because federal law prohibits inmates from recovering for mental or emotions injuries while in custody without a showing of prior physical injury.  See 42 U.S.C. § 1997e(e).

Because the Court has dismissed Plaintiff's Eighth Amendment claim, the Court declines to exercise supplemental jurisdiction over Plaintiff's state law claim for negligence, and the state law claim is dismissed without prejudice. See Ingram v. School Bd. of Miami-Dade County, 167 F. App'x 107, 108 (11th Cir. 2006).

### III. CONCLUSION

For the foregoing reasons,

**IT IS HEREBY ORDERED** that the Court **ADOPTS** Magistrate Judge Gerrilyn G. Brill's Final Report and Recommendation [7] and Plaintiff's Complaint is **DISMISSED**.  The Clerk is directed to **CLOSE** this case.

**SO ORDERED** this 26th day of January, 2015.

_____
WILLIAM S. DUFFEY, JR.
UNITED STATES DISTRICT JUDGE